UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LISA RICCHIO,

    Plaintiff,

v.

BIJAL, INC. D/B/A SHANGRI-LA MOTEL, ASHVINKUMAR PATEL, SIMA PATEL, and CLARK McLEAN,

    Defendants.

C.A. NO. 1:15-cv-13519

## MEMORANDUM OF LAW IN SUPPORT OF PEERLESS INDEMNITY INSURANCE COMPANY'S MOTION TO INTERVENE

The proposed Intervenor Plaintiff, Peerless Indemnity Insurance Company ("Peerless"), hereby submits the following Memorandum of Law in Support of its Motion to Intervene in the above-captioned action.

**I.     FACTUAL BACKGROUND**

This matter arises out of the alleged kidnapping of the Plaintiff, Lisa Ricchio (the "Plaintiff"), that allegedly took place in June 2011.

In the Complaint filed in the above-captioned action (the "Action"), the Plaintiff alleges that she was kidnapped by the defendant, Clark McLean ("Mr. McLean"), after leaving her home in Maine, and taken to the Shangri-La Motel (the "Motel") in Seekonk, Massachusetts. The Motel was owned by the Defendant, Bijal, Inc. ("Bijal"). The Defendants, Ashvinkumar Patel ("Mr. Patel") and Sima Patel ("Ms. Patel") were the managers of the Motel.

The Plaintiff alleges that she was held captive at the Motel for several days by Mr. McLean, during which time she was raped, beaten, and forced to ingest drugs and alcohol. The Plaintiff

1

alleges that Mr. McLean was able to keep her captive, torture her, starve her, and perform atrocities on her with the assistance or knowledge of Bijal, Mr. Patel, and Ms. Patel (collectively the "Motel Defendants").

On or about October 7, 2015, the Plaintiff filed the Action, naming Bijal, Mr. Patel, Ms. Patel, and Mr. McLean as Defendants. In the Complaint filed in the above-captioned action, the Plaintiff alleges that the Motel Defendants and Mr. McLean violated various provisions of the Trafficking Victims Protection Act (the "TVPA"), 18 U.S.C. § 1589, *et seq*.

Peerless provided Commercial General Liability and Commercial Umbrella Liability ("Umbrella") policies (collectively, the "Policies") to Bijal, which were in effect for the period encompassing the alleged kidnapping of the Plaintiff. On or about October 8, 2015, Peerless received notice of the Action from counsel for Bijal. Peerless contends that some or all of the claims asserted against the Motel Defendants are excluded from coverage under the terms of the Policies issued to Bijal. Notwithstanding its coverage position, Peerless has agreed to defend the Motel Defendants under a reservation of rights. Peerless now wishes to intervene in the present lawsuit for the purpose of asserting its coverage defenses in a declaratory judgment action in which all interested parties can appear and be heard. Peerless also wishes to intervene for the purposes of proposing special questions to be submitted to the jury in the event that the Action goes to trial. A proposed intervenor's Complaint, setting forth Peerless' claims, is attached to Peerless' Motion to Intervene as Exhibit 1.

## II. ARGUMENT

### A. Peerless Should Be Permitted To Intervene As Of Right

Rule 24(a)(2) of the Federal Rules of Civil Procedure controls a party's ability to intervene in a pending civil action as a matter of right. Rule 24(a)(2) provides that:

> On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

It follows, therefore, that "a would be intervenor must demonstrate that: (i) its motion is timely; (ii) it has an interest relating to the property or transaction that forms the foundation of the ongoing action; (iii) the disposition of the action threatens to impair or impede its ability to protect this interest; and (iv) no existing party adequately represents its interest." Ungar v. Arafat, 634 F.3d 46, 50 (1st Cir. 2011). "Although each of these requirements must be fulfilled, and failure to satisfy any one of them defeats intervention as of right, . . . the inherent imprecision of Rule 24(a)(2)'s individual elements dictates that they be read not discretely, but together, and always in keeping with a commonsense view of the overall litigation." Students for Fair Admissions, Inc. v. President & Fellows of Harvard College, 308 F.R.D. 39, 45-46 (D. Mass. 2015) (internal citations and quotations omitted). The United States First Circuit Court of Appeals has further noted that determining whether each of these factors has been met "requires a series of judgment calls—a balancing of factors that arise in highly idiosyncratic factual settings." Ungar, 634 F.3d at 51. For the reasons set forth below, this Court should grant Peerless' Motion to Intervene pursuant to Rule 24(a)(2).

### 1. Peerless' Motion to Intervene Is Timely

This Court should grant Peerless' Motion to Intervene, because it has been timely filed. The timeliness inquiry under Rule 24 "is inherently fact-sensitive and depends on the totality of the circumstances." R&G Mortgage Corp. v. Fed. Home Loan Morg. Corp., 584 F.3d 1, 7 (1st Cir. 2009). Generally, the court should consider: (i) the length of time that the putative intervenor

knew or reasonably should have known that [its] interests were at risk before [it] moved to intervene; (ii) the prejudice to existing parties should intervention be allowed; (iii) the prejudice to the putative intervenor should intervention be denied; and (iv) any special circumstances militating for or against intervention.  Id.  In evaluating the timeliness of a motion to intervene, "the status of the litigation at the time of the request for intervention is highly relevant."  Id. (internal quotations omitted).

Here, the Plaintiff filed her Complaint on or about October 7, 2015.  To date, no Answers have been filed to the Plaintiff's Complaint.  The deadline for the Motel Defendants to file an Answer to the Plaintiff's Complaint is not until December 8, 2015.  The parties have filed no responsive pleadings or other motions and have exchanged no discovery.  Peerless' entry into this Action, as an intervenor, will not negatively affect any tracking orders, as no discovery has been conducted to date.  Considering all of these factors, Peerless' Motion to Intervene has been timely filed in accordance with Rule 24.

### 2. Peerless Has An Interest In The Above-Captioned Action That May Be Prejudiced Without Its Intervention

This Court should grant Peerless' Motion to Intervene as of Right, because Peerless has an interest relating to the property or transaction at issue in the Action that may be prejudiced if this matter is resolved without Peerless' intervention.  While no federal decision has defined what constitutes "interest" sufficient to warrant intervention, the First Circuit has established some guidelines.  "At a bare minimum, the proposed intervenor must show that it has a 'significantly protectable interest.'"  Patch, 136 F.3d at 205.  This "significantly protectable interest" must be "direct, not contingent."  Id. (quoting Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 638 (1st Cir. 1989)).  In addition, the intervenor's claim must "bear a sufficiently close relationship to the dispute between the original litigants."  Travelers Indem. Co., 884 F.2d at 638.

Here, Peerless claims an interest relating to the transaction at issue in the above-captioned matter.  One of the central issues in the current matter will be what, if any, liability is attributable to the Motel Defendants.  In the event that the Motel Defendants are found liable for the alleged injuries sustained by the Plaintiff, Peerless may have a duty to indemnify the Motel Defendants.  The extent of any duty to indemnify owed by Peerless will be determined by the facts developed in the present action.  If it is determined that the conduct of the Motel Defendants is excluded, or otherwise not covered, by the Policies, Peerless will have no duty to defend and/or indemnify the Motel Defendants.  If, on the other hand, it is determined that the conduct of the Motel Defendants is <u>not</u> excluded, or otherwise covered, by the Policies, Peerless may have a duty to defend and indemnify the Motel Defendants.  For this reason, Peerless has an interest relating to the matters at hand in the Action.

### 3. <u>No Party To The Present Action Adequately Represents Peerless' Interests</u>

This Court should grant Peerless' Motion to Intervene because no party to the present action adequately represents Peerless' interests.  In order to succeed on a Motion to Intervene, a party "need only make a 'minimal' showing that the representation afforded by a named party would prove inadequate."  <u>Fernandez & HNOS, Inc. v. Kellogg USA, Inc.</u>, 440 F.3d 541, 544-45 (1st Cir. 2006) (quoting <u>Tribovich v. United Mine Workers</u>, 404 U.S. 528, 538 n.10 (1972)).  "One way for the intervenor to show inadequate representation is to demonstrate that its interests are sufficiently different in kind or degree from those of the named party."  <u>Fernandez</u>, 440 F.3d at 546.

Here, no party to the present action will adequately represent Peerless' interests.  The only party to the action with whom Peerless has any relationship, contractual or otherwise, is Bijal.  As discussed above, Peerless is defending Bijal and the other Motel Defendants in the present Action

under a reservation of rights, as it determines the availability of coverage, if any, under the Policies for the Motel Defendants. Given these circumstances, the Motel Defendants cannot properly represent the interests of Peerless when there is an ongoing dispute between the parties regarding what, if any, coverage Peerless owes to the Motel Defendants. As the court in Fernandez noted, an intervenor need only make a "minimal" showing that representation afforded by a named party will be inadequate. Fernandez, 440 F.3d at 545. Absent intervention, Peerless' representation would not only be inadequate, it would be non-existent. Peerless easily satisfies the "minimal" showing required under the First Circuit's holding in Fernandez. Consequently, this Court should grant Peerless' Motion to Intervene pursuant to Fed. R. Civ. P. 24(a)(2).

### B. In The Alternative, Peerless Should Be Permitted To Intervene Pursuant to Fed. R. Civ. P. 24(b)

Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." For all of the reasons stated previously, Peerless' claim and the Action have questions of fact in common. In particular, the conduct of the Motel Defendants, and what, if any, liability may be attributable to the Motel Defendants, is an issue common to both cases sufficient to warrant permissive intervention. When an applicant's claim or defense and the main action have a question of law or fact in common, the district court may consider "almost any factor rationally relevant" in determining whether to grant permissive intervention under Rule 24(b). Daggett v. Commission on Gov't Ethics & Election Prac., 172 F.3d 104, 113 (1st Cir. 1999). In other words, Rule 24(b) grants the district court "very broad discretion" in granting or denying a motion to intervene. Id. (internal citations omitted).

Considering all of the factors discussed above, in the event that it denies Peerless' Motion to Intervene under Rule 24(a), this Court should grant Peerless' Motion to Intervene pursuant to

Rule 24(b). The facts of Peerless' proposed declaratory judgment action and the Action clearly share common questions of fact: mainly, whether the Motel Defendants are liable to the Plaintiff for the claims asserted in the Complaint filed in the Action. The conduct of the Motel Defendants with regard to the Plaintiff will not only determine their potential liability for the claims asserted in the Action, but may also determine what, if any, insurance coverage is available to the Motel Defendants under the Policies. Consequently, in the event that it denies Peerless' Motion to Intervene under Rule 24(a), this Court should grant Peerless' Motion to Intervene pursuant to Rule 24(b).

### C. Practical Considerations Favor Peerless' Intervention Into The Present Action

Finally, it should also be noted that practical considerations favor Peerless' intervention into the Action. As discussed above, the same parties to the Action will be parties to the declaratory judgment action filed by Peerless. By permitting intervention, all discovery can be shared and depositions need only be taken once rather than twice. Similarly, by permitting intervention, this Court can more easily manage the entire litigation, without having separate status conferences for the two cases. While the same result may be accomplished by consolidation, permitting intervention will keep the two matters under a single docket number, making administrative issues easier for the clerk's office. These are additional factors for exercising discretion in favor of permitting Peerless' Motion to Intervene.

## III. CONCLUSION

For the reasons stated herein, Peerless requests that this Court grant its Motion to Intervene, either as of right, or as permissive intervention in the exercise of this Court's discretion.

Respectfully submitted,

PEERLESS INDEMNITY INSURANCE COMPANY

By Its Attorneys,

/s/ *John P. Graceffa*
John P. Graceffa, BBO #205920
jgraceffa@morrisonmahoney.com
Joseph H. Caffrey, BBO #544570
jcaffrey@morrisonmahoney.com
Brian A. Suslak, BBO #684453
bsuslak@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500
Fax: 617-342-4936

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 16, 2015.

 s/s *John P. Graceffa*