UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

PEERLESS INDEMNITY INSURANCE
COMPANY,

        Plaintiff,

        v.

LISA RICCHIO, BIJAL, INC. D/B/A
SHANGRI-LA MOTEL, ASHVINKUMAR
PATEL, and SIMA PATEL,

        Defendants.

C.A. NO. 1:15-cv-13519

---

### INTERVENOR PEERLESS INDEMNITY INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

## I.    PRELIMINARY STATEMENT

1.    The Intervenor Plaintiff, Peerless Indemnity Insurance Company ("Peerless"), brings this Complaint for Declaratory Judgment and seeks a determination of the rights and obligations of the parties, if any, pursuant to Commercial General Liability policy ("CGL Policy") and Commercial Umbrella Liability policy ("Umbrella Policy") (collectively, the "Policies") issued to Bijal, Inc. d/b/a Shangri-La Motel ("Bijal"). The Defendant, Lisa Ricchio ("Ms. Ricchio"), filed the civil action, captioned <u>Lisa Ricchio v. Bijal, Inc. d/b/a Shangri-La Motel, Ashvinkumar Patel, Sima Patel, and Clark McLean</u>, Civil Action No. 1:15-cv-13519, in the United States District Court for the District of Massachusetts (the "Action") (a copy of the Complaint filed by Ms. Ricchio in the Action is attached hereto as Exhibit 1).

In the Action, Ms. Ricchio alleges that she was kidnapped by Clark McLean ("Mr. McLean"), a defendant in the Action, after leaving her home in Maine, and taken to the Shangri-

1

La Motel (the "Motel") in Seekonk, Massachusetts.  The Motel was owned by the Defendant, Bijal.

The Defendants, Ashvinkumar Patel ("Mr. Patel") and Sima Patel ("Ms. Patel") were the managers

of the Motel.  On or about December 15, 2015, Peerless filed a Motion to Intervene in the Action

for the purposes of filing the present Declaratory Judgment action and for the purposes of posing

special questions to the jury in the event that the Action proceeds to trial.

This Complaint for Declaratory Judgment seeks a declaration as to whether Peerless has a

duty to defend and/or indemnify Bijal, Mr. Patel, and/or Ms. Patel in connection with the clams

asserted by Ms. Ricchio in the Action.

## II.    THE PARTIES

2.     The Intervenor Plaintiff, Peerless, is a company authorized to issue policies of

insurance in the Commonwealth of Massachusetts, with a principal place of business in

Massachusetts.

3.     Upon information and belief, Defendant, Ms. Ricchio, is a citizen of Maine.

4.     Upon information and belief, Defendant, Bijal, is a Massachusetts corporation, with

its principal place of business at 1495 Fall River Avenue, Seekonk, Massachusetts.

5.     Upon information and belief, Defendant, Mr. Patel, is a citizen of South Carolina.

6.     Upon information and belief, Defendant, Ms. Patel, is a citizen of South Carolina.

## III.   JURISDICTION AND VENUE

7.     This Court has supplemental jurisdiction over this action, pursuant to 28 U.S.C. §

1367, because the claims of the present Declaratory Judgment action are so related to the claims

of the Action filed by the Defendant, Ms. Ricchio, that they form part of the same case or

controversy under Article III of the United States Constitution.

8.      This Court also has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00.

9.      This Court has personal jurisdiction over the Defendant, Bijal, because its principal place of business, the Motel, is located in the District of Massachusetts, and its conduct giving rise to Ms. Ricchio's claims took place in the District of Massachusetts.

10.     This Court has personal jurisdiction over the Defendant, Mr. Patel, because his alleged conduct giving rise to Ms. Ricchio's claims took place in the District of Massachusetts and because, upon information and belief, Mr. Patel was a citizen of Massachusetts at the time of the incidents that give rise to Ms. Ricchio's Complaint.

11.     This Court has personal jurisdiction over the Defendant, Ms. Patel, because her alleged conduct giving rise to Ms. Ricchio's claims took place in the District of Massachusetts and because, upon information and belief, Ms. Patel was a citizen of Massachusetts at the time of the incidents that give rise to Ms. Ricchio's Complaint.

12.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that the events or omissions giving rise to this matter occurred in this judicial district.

## IV.     FACTUAL BACKGROUND

13.     This matter arises out of the alleged kidnapping of Ms. Ricchio, which allegedly took place in June 2011.

14.     Ms. Ricchio alleges that she was kidnapped by Mr. McLean, after leaving her home in Maine, and taken to the Motel in Seekonk, Massachusetts.

15.     The Motel was owned by Bijal.

16.     Upon information and belief, Mr. and Ms. Patel were the managers of the Motel.

17.     Ms. Ricchio alleges that she was held captive in the Motel for several days by Mr. McLean, during which time she was raped, beaten, and forced to ingest drugs and alcohol.

18.     Ms. Ricchio alleges that Mr. McLean was able to keep her captive, torture her, starve her, and perform atrocities on her with the assistance or knowledge of Bijal, Mr. Patel, and Ms. Patel.

19.     On or about October 7, 2015, Ms. Ricchio initiated the action, naming Bijal, Mr. Patel, Ms. Patel, and Mr. McLean as Defendants.

20.     In the Complaint filed in the Action, Ms. Ricchio alleges that Bijal, Mr. Patel, Ms. Patel, and Mr. McLean violated various provisions of the Trafficking Victims Protection Act (the "TVPA"), 18 U.S.C. § 1589, *et seq*., by allegedly holding Ms. Ricchio captive at the Motel for several days.

## V.     APPLICABLE POLICY PROVISIONS

### A.     The CGL Policy

21.     Peerless issued the CGL Policy (number 8682562) to the named insured, Bijal, for the policy period June 26, 2010 to June 26, 2011 (a copy of the CGL Policy is attached hereto as Exhibit 2).  The CGL Policy provides, in pertinent part, as follows:

*     *     *     *

## COMMERCIAL GENERAL LIABILITY COVERAGE FORM

*     *     *     *

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.     Insuring Agreement**

**a.**     We will pay those sums the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

\*          \*          \*          \*

**b.**     This insurance applies to "bodily injury" and "property damage" only if:

**(1)**     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

\*          \*          \*          \*

**2.**     **Exclusions**

This insurance does not apply to:

**a.**     **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\*          \*          \*          \*

**o.**     **Personal And Advertising Injury**

"Bodily injury" arising out of "personal and advertising injury".

\*          \*          \*          \*

## COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

**1.**     **Insuring Agreement**

**a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which

this insurance does not apply.  We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

*        *        *        *

**2.        Exclusions**

This insurance does not apply to:

**a.        Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

*        *        *        *

**d.        Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

*        *        *        *

**SECTION V – DEFINITIONS**

*        *        *        *

**3.**        "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.[1]

*        *        *        *

**13.**        "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.**        "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.**        False arrest, detention or imprisonment;

**b.**        Malicious prosecution;

---

[1] As noted below, the CGL Policy's definition of "bodily injury" is modified by endorsement.

**c.**     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.**     Oral or written publication, in any manner, of material that slanders or libels a person or organization's goods, products or services;

**e.**     Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.**     The use of another's advertising idea in your "advertisement"; or

**g.**     Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\*          \*          \*          \*

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**CUSTOM PROTECTOR LIABILITY EXTENSION ENDORSEMENT**

This endorsement modifies insurance under the

COMMERCIAL GENERAL LIABILITY COVERAGE PART

With respect to coverage afforded by this endorsement, the provisions of the policy apply unless modified by the endorsement.

\*          \*          \*          \*

**O.     BODILY INJURY REDEFINED**

Under **SECTION V – DEFINITIONS,** definition **3.** is replaced by the following:

**3.**     "Bodily Injury" means physical injury, sickness or disease sustained by a person.  This includes mental anguish, mental injury, shock, fright or death that results from such physical injury, sickness or disease.

\*          \*          \*          \*

B.      **The Umbrella Policy**

22.     Peerless issued Policy (number 8682964) to the named insured, Bijal, for the policy

period June 26, 2010 to June 26, 2011 (a copy of the Umbrella Policy is attached hereto as Exhibit

3).  The Umbrella Policy provides, in pertinent part, as follows:

**COMMERCIAL UMBRELLA LIABILITY COVERAGE FORM**

\*       \*       \*       \*

The word "insured" means any person or organization qualifying as such under **SECTION II –
WHO IS AN INSURED**.

\*       \*       \*       \*

**SECTION I – COVERAGE**

**1.      Insuring Agreement**

    **a.**      We will pay on behalf of the insured those sums in excess of the "retained limit"
that the insured becomes legally obligated to pay as damages because of "bodily
injury", "property damage" or "personal and advertising injury" to which this
insurance applies.  The amount we will pay is limited as described in **SECTION II
– LIMITS OF INSURANCE**.  No other obligation or liability to pay sums or
perform acts or services is covered unless explicitly provided for under paragraph
**2. Defense And Expense Of Claims And Suits** under **SECTION I –
COVERAGE**.

    **b.**      This insurance applies to:

        **(1)**      "Bodily injury" or "property damage" only if:

\*       \*       \*       \*

            **(b)**      The "bodily injury" or "property damage" is caused by an
"occurrence" that takes place in the "coverage territory";

\*       \*       \*       \*

        **(2)**      "Personal and advertising injury" caused by an "offense" arising out of your
business but only if the "offense" was committed in the "coverage territory"
during the Policy Period.

\*       \*       \*       \*

**3.**      **Exclusions**

This insurance does not apply to:

**a.**      **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

Exception:

This exclusion **3.a.** does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\*          \*          \*          \*

**s.**      **Personal And Advertising Injury**

"Personal and advertising injury":

**(1)**      Caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

\*          \*          \*          \*

**(4)**      Arising out of a criminal act committed by or at the direction of any insured;

\*          \*          \*          \*

# SECTION V – DEFINITIONS

\*          \*          \*          \*

**4.**      "Bodily injury" means physical injury, sickness or disease sustained by a person.  This includes mental anguish, mental injury, shock, fright or death that results from such physical injury, sickness or disease.  This does not include "consequential bodily injury."

**5.**      "Consequential bodily injury" means "bodily injury" arising out of "personal and advertising injury".

\*          \*          \*          \*

**14.**      "Occurrence" means:

    **a.**     An accident, including continuous or repeated exposure to substantially the same general harmful conditions, that results in "bodily injury" or "property damage"; or

    **b.**     With respect to "employees" of the Named Insured, an accident or disease that results in "bodily injury".

**15.**    "Offense" means an offense included in the definition of "personal and advertising injury". All damages that arise from exposure to the same act, publication or infringement are considered one "offense".

*     *     *     *

**17.**    "Personal and advertising injury" means injury, other than "bodily injury", arising out of one or more of the following "offenses"

    **a.**     False arrest, detention or imprisonment;

    **b.**     Malicious prosecution;

    **c.**     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**     Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.**     Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.**     The use of another's advertising idea in your "advertisement"; or

    **g.**     Infringing upon another's copyright, trade dress or slogan in your "advertisement".

"Personal and advertising injury" includes "consequential bodily injury".

*     *     *     *

**VI.**    <ins>**COUNTS FOR DECLARATORY RELIEF**</ins>

    23.     Peerless repeats and realleges Paragraphs 1 through 22 above as set forth herein.

    24.     An actual controversy exists between Peerless and the Defendants as to the nature and extent of the Peerless' obligations pursuant to the CGL Policy and Umbrella Policy.

25.     No other method is available to resolve this controversy.

26.     A declaratory judgment will terminate this controversy.

WHEREFORE, the Peerless prays that this Court order and declare as follows:

a.      That Ms. Ricchio, Bijal, Mr. Patel, and Ms. Patel are not entitled to coverage for the claims asserted in the Action under the terms of the Policies;

b.      That the claims asserted in the Action are barred under the terms, conditions, limitations, and/or exclusions of the Policies and/or Massachusetts law;

c.      Declaring that Peerless owes no duties or legal obligations to Bijal, Mr. Patel, and/or Ms. Patel under the Policies;

d.      Declaring that the CGL Policy does not provide coverage for "bodily injury" that does not result from an "occurrence" and/or is expected or intended by Bijal, Mr. Patel, and/or Ms. Patel;

e.      Declaring that the CGL Policy does not provide coverage for "personal and advertising injury" caused by or at the direction of Bijal, Mr. Patel, and/or Ms. Patel with the knowledge that the act would violate Ms. Ricchio's rights and inflict "personal and advertising injury";

f.      Declaring that the CGL Policy does not provide coverage for "personal and advertising injury" arising out of a criminal act committed by or at the direction of Bijal, Mr. Patel, and/or Ms. Patel;

g.      Declaring that Coverage A Bodily Injury and Property Damage Liability of the CGL Policy does not provide coverage for "bodily injury" arising out of "personal and advertising injury";

h.      Declaring that the Umbrella Policy does not provide coverage for "bodily injury" that does not result from an "occurrence" and/or is expected or intended from the standpoint of Bijal, Mr. Patel, and/or Ms. Patel;

i.      Declaring that the Umbrella Policy does not provide coverage for "personal and advertising injury" caused by or at the direction of Bijal, Mr. Patel, and/or Ms. Patel with knowledge that the act would violate the rights of Ms. Ricchio and inflict "personal and advertising injury";

j.      Declaring that the Umbrella Policy does not provide coverage for "personal and advertising injury" arising out of a criminal act committed by or at the direction of Bijal, Mr. Patel, and/or Ms. Patel;

k.      Declaring that Bijal, Mr. Patel, and Ms. Patel are not entitled to a defense from Peerless under the Policies for the claims asserted by Ms. Ricchio in the Action;

l.       Declaring that Peerless is entitled to immediately withdraw from the defense of Bijal, Mr. Patel, and Ms. Patel in the Action;

m.      Declaring that Bijal, Mr. Patel, and Ms. Patel are not entitled to indemnification from Peerless under the Policies for the claims asserted by Ms. Ricchio in the Action; and

n.      Awarding any other such relief the Court deems just and proper under the circumstances.


Respectfully submitted,

PEERLESS INDEMNITY INSURANCE COMPANY

By Its Attorneys,

/s/ *John P. Graceffa*

John P. Graceffa, BBO #205920
jgraceffa@morrisonmahoney.com
Joseph H. Caffrey, BBO #544570
jcaffrey@morrisonmahoney.com
Brian A. Suslak, BBO #684453
bsuslak@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone:    617-439-7500
Fax:       617-342-4936

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the

registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will

be sent to those indicated as non-registered participants on December 16, 2015.


 s/s *John P. Graceffa*_____