**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Lisa Ricchio,<br><br>　　　　Plaintiff,<br><br>　and<br><br>Peerless Indemnity Insurance Company,<br><br>　　　　Intervenor-Plaintiff,<br><br>　v.<br><br>Bijal, Inc. d/b/a/ Shangri-La Motel, Ashvinkumar Patel, Sima Patel, and Clark McLean,<br><br>　　　　Defendants. | Civil Action No.: 1:15-cv-13519-FDS |

**PLAINTIFF LISA RICCHIO'S APPLICATION FOR A DEFAULT JUDGMENT AGAINST DEFENDANT CLARK MCLEAN**

Pursuant to Fed. R. Civ. P. 55(b)(2) Plaintiff Lisa Ricchio hereby applies for a default judgment against Defendant Clark McLean. In support of this application, Ms. Ricchio states as follows:

1. On October 7, 2015, Ms. Ricchio commenced the above-captioned action against, *inter alia*, Defendant Clark McLean. Dkt. 1. Defendant McLean was served on October 23, 2015. *See* Dkt. 11 (executed summons and proof of service on Defendant McLean).

2. Defendant McLean Answered the Complaint on December 7, 2015. *See* Dkt. 28.

3. Defendant McLean thereafter failed to participate in any aspect of the case, other than to appear for his own deposition on January 6, 2016, while incarcerated for his crimes against Ms. Ricchio. *See* Dkt. 267 (Plaintiff's Trial Brief Concerning Defendant Clark

1

McLean's Role at Trial). From the outset of this matter, the parties have served on Defendant McLean all papers required for service—including discovery papers, deposition notices, and notice to participate in the joint pretrial memorandum—consistent with this Court's protective order. Dkt. 105.

4. On December 2, 2019, this Court defaulted Defendant McLean and severed Ms. Ricchio's claims against him. *See* Dkt. 269 (clerk's notes); Dkt. 271, at 13:2-14;14:3-12 (Dec. 2, 2019, transcript) (The Court: "[I'm] going to default defendant Clark McLean for failing to comply with any of the pretrial requirements [etc.] […] I'm going to sever the claims against him, even though he's defaulted.").

5. On December 13, Plaintiff Lisa Ricchio, Intervenor-Plaintiff Peerless Indemnity Insurance Co., and Defendants Bijal, Inc., Ashvinkumar Patel, and Sima Patel filed a stipulation of dismissal of Ms. Ricchio's claims against all Defendants except for Defendant McLean, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). *See* Dkt. 274. As a result of that stipulation, Defendant McLean is now the only Defendant remaining in this action.

6. Ms. Ricchio now applies for default judgment against Defendant McLean under Fed. R. Civ. P. 55(b)(2) in order to seek final resolution of this action.

7. Default judgment against Defendant McLean is appropriate for the same reasons this Court entered a default on December 2. He has failed to participate in any aspect of this case, despite acknowledging to the Court that he received service of papers throughout the litigation and discussed the case at length with counsel for Bijal, Inc., Ashvinkumar Patel, and Sima Patel. *See* Dkt. 271, at 10:22-11:9; *In re Sumitoma Copper Litigation*, 204 F.R.D. 58, 60 (S.D.N.Y Nov. 6, 2001) ("[Advertant] disregard for a Court order

justifies the imposition of a default judgment[.]); *Floyd v. Black Swan Shipping Co.*, 2002 WL 1676311, at *1 (E.D.P.A. July 18, 2002) ("A failure to provide discovery or to comply with a court order to do so may also fairly be viewed as a failure to defend which justifies an entry of a default judgment under Fed. R .Civ. P. 55(b)(2)); *see also* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend … the clerk must enter the party's default."); *Luis C. Forteza e Hijos, Inc., v. Mills*, 534 F.2d 415, 419 (1st Cir. 1976) ("[I]n an appropriate case a district court has power to default a defendant, as it does to nonsuit a plaintiff, for failure to comply with the court's orders or rules of procedure."); Dkt. 267 (Plaintiff's Trial Brief Concerning Defendant Clark McLean's Role at Trial).

8. Ms. Ricchio does not intend to further pursue her claim for damages against Defendant McLean. Instead, she hopes to put this litigation behind her and move forward with her life. Moreover, damages are not an element of Ms. Ricchio's claims under the Trafficking Victim's Protection Act, 18 U.S.C. § 1589 *et seq*. *See* 18 U.S.C. § 1595 ("An individual … may bring a civil suit action against the perpetrator … and *may* recover damages and reasonable attorneys fees.") (emphasis added).

9. For these reasons, a hearing on this application is not necessary. *See* Fed. R. Civ. P. 55(b)(1)(2) ("The Court *may* conduct hearings … [when] it needs to … (A) conduct an accounting; (B) determine the amount of damages … .") (emphasis added); *Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir. 2009) ("In permitting, but not requiring, a district court to conduct a hearing before ruling on a default judgment, Rule 55(b) commits this decision to the sound discretion of the district court."); Wright & Miller, 10A Fed. Prac. & Proc. § 2688, "Court's Entry of a Default Judgment – Hearings" (4th ed) ("Rule 55

does not require that testimony be presented as a prerequisite to the entry of a default judgment, and the court has discretion to determine whether a hearing is necessary. Thus, numerous courts have determined that a hearing is not required before entering a default judgment."). Because Ms. Ricchio no longer seeks an award of damages against Defendant McLean, no hearing is necessary to enter the default judgment.

10. Nor is any hearing necessary for this Court to "establish the truth of any allegation by evidence" or "investigate any other matter." Fed. R. Civ. P. 55(b)(2)(C) & (D). As an initial matter, Defendant McLean's failure to defend this action is independent justification for default judgment. *See supra* ¶ 7. Default judgment is also warranted because Ms. Ricchio provided testimony on December 2, 2019, detailing Defendant McLean's actions at the Shangri-La Motel, including Defendant McLean's intent to force Ms. Ricchio into prostitution under his control. *See, e.g.*, Dkt. 271, at 95:6-12 ("Q. And did you have any idea, you said at some point [McLean] told you why he was doing this? A: He did. He told me that he was going to use me for financial gain and when – I did question it, too, and I said, 'Are you talking about sex for money?' And that's when Mr. McLean said, 'Well, sex or whatever anybody pays for is what you'll be doing for me.'") Ms. Ricchio's testimony is sufficient to establish Defendant McLean's liability under the TVPA, 18 U.S.C. § 1589 *et seq.*, including, *e.g.*, 18 U.S.C. §§ 1591, 1595 (permitting civil judgment against anyone who, *inter alia*, "recruits" "harbors" "transports" "provides" or "obtains" a person, knowing "force, threats of force, fraud … or any combination of such means will be used to cause the person to engage in a commercial sex act."); *see also Ricchio v. Mclean*, 853 F.3d 553, 555-557 (1st Cir. 2017).

11. Because no hearing is necessary for entry of default judgment, no advance notice to Defendant McLean is necessary before entry of default judgment. *See* Fed. R. Civ. P. 55(b)(2) ("If the part against whom a default judgment is sought has appeared … [they] must be served with written notice of the application *at least 7 days before the hearing*.") (emphasis added). Ms. Ricchio is concurrently serving Defendant McLean with this application per the attached certificate of service.

12. No party is prejudiced by entry of default judgment against Defendant McLean. Ms. Ricchio's claims against Defendants Bijal, Inc., Ashvinkumar Patel, and Sima Patel, have been dismissed by stipulation, and those defendants are no longer parties to this action. Ms. Ricchio also does not seek an award of damages against Defendant McLean, mitigating any potential for inconsistent judgments among the original named defendants.

WHEREFORE, Ms. Ricchio hereby applies for a default judgment against Clark McLean under Fed. R. Civ. P. 55(b)(2). A proposed order is attached hereto at Exhibit A.

Dated: December 13, 2019

Respectfully submitted,

LISA RICCHIO

By her attorneys,

*/s/ Cynthia D. Vreeland*
Cynthia D. Vreeland, BBO #635143
cynthia.vreeland@wilmerhale.com
Felicia H. Ellsworth, BBO #665232
felicia.ellsworth@wilmerhale.com
Jason H. Liss, BBO #672902
jason.liss@wilmerhale.com
Kelli J. Powell, BBO # 682079
kelli.powell@wilmerhale.com
Eric L. Hawkins, BBO #693289
eric.hawkins@wilmerhale.com
Arjun K. Jaikumar, BBO #691311
arjun.jaikumar@wilmerhale.com
Aaron Macris, BBO # 696323
aaron.macris@wilmerhale.com
Jillian Schlotter, BBO #699264
jillian.schlotter@wilmerhale.com
James Bor-Zale, BBO #699125
james.bor-zale@wilmerhale.com

WILMER CUTLER PICKERING
HALE and DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
(617) 526-5000

## **CERTIFICATE OF SERVICE**

      I, Cynthia Vreeland, hereby certify that a true copy of this document and the exhibit thereto filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 13, 2019. In addition, I hereby certify that a true copy of the above document will be mailed by First Class Mail on December 13, 2019, to:

Clark McLean
39 O'Donnell Drive
Attleboro, MA 02073

                                         */s/ Cynthia Vreeland*
                                         Cynthia Vreeland